# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0012 |
| ) | |
| **WARREN WHYTE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the motion of Warren Whyte ("Whyte") to continue the June 1, 2020, trial in this matter. Also before the Court is the application of Whyte to waive his speedy trial. For the reasons stated herein, the time to try this case is extended up to and including August 24, 2020.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons. First, an extension is necessary to allow Whyte time to investigate the case. Second, Whyte made his request with the advice and consent of counsel. Third, without an extension, Whyte would be denied reasonable time necessary to explore plea options and prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and

required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through August 24, 2020, shall be excluded in computing the time within which the trial for Warren Whyte must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Whyte's motion to continue, ECF No. 23, is **GRANTED**; and it is further

**ORDERED** that the jury trial in this matter previously scheduled for June 1, 2020, is hereby **RESCHEDULED** to commence promptly at 9:00 A.M. on August 24, 2020, in Saint Thomas Courtroom 1 before District Judge Robert A. Molloy.

**Dated: May 19, 2020**             s/     *Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **District Judge**